Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Tom E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY DICKSON, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| SOR TECHNOLOGY, LLC, and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| Defendant. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

- 1 -

Plaintiff JEREMY DICKSON ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of SOR TECHNOLOGY, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a California company. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of California and Plaintiff resides within the County of San Luis Obispo.

## PARTIES

4.      Plaintiff, JEREMY DICKSON ("Plaintiff"), is a natural person residing in Shell Beach, California and is a "person" as defined by *47 U.S.C. § 153 (39).*

5.    Defendant, SOR TECHNOLOGY, LLC ("Defendant") is vacation resort club, and is a "person" as defined by *47 U.S.C. § 153 (39).*

6.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.    Beginning in or around June of 2017, Defendant contacted Plaintiff on Plaintiff's telephone number ending in -8431, in an attempt to solicit Plaintiff to purchase Defendant's services.

9.    Plaintiff's telephone number ending in -8431 was added to the National Do-Not-Call Registry.

10.    Defendant placed multiple calls soliciting its business to Plaintiff on his telephone ending in -8431.

11.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

12.    Plaintiff received numerous solicitation calls from Defendant within a 12-month period.

13.     Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

14.     Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after being on the National Do-Not-Call list for prior to Defendant's calls, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

15.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member the following class ("DNC Class"):

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

16.     Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

17.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

1        18.   The Class is so numerous that the individual joinder of all of its
2   members is impractical.  While the exact number and identities of The Class
3   members are unknown to Plaintiff at this time and can only be ascertained through
4   appropriate discovery, Plaintiff is informed and believes and thereon alleges that
5   The Class includes thousands of members.  Plaintiff alleges that The Class
6   members may be ascertained by the records maintained by Defendant.

7        19.   Plaintiff and members of The DNC Class were harmed by the acts of
8   Defendant in at least the following ways: Defendant illegally contacted Plaintiff
9   and DNC Class members via their telephones for solicitation purposes, thereby
10  invading the privacy of said Plaintiff and the DNC Class members whose telephone
11  numbers were on the National Do-Not-Call Registry.  Plaintiff and the DNC Class
12  members were damaged thereby.

13       20.   Common questions of fact and law exist as to all members of The
14  DNC Class which predominate over any questions affecting only individual
15  members of The DNC Class.  These common legal and factual questions, which do
16  not vary between DNC Class members, and which may be determined without
17  reference to the individual circumstances of any DNC Class members, include, but
18  are not limited to, the following:

19            a.   Whether, within the four years prior to the filing of this
20                Complaint, Defendant or its agents placed more than one
21                solicitation call to the members of the DNC Class whose
22                telephone numbers were on the National Do-Not-Call Registry
23                and who had not granted prior express consent to Defendant and
24                did not have an established business relationship with
25                Defendant;
26            b.   Whether Defendant obtained prior express written consent to
27                place solicitation calls to Plaintiff or the DNC Class members'
28                telephones;

CLASS ACTION COMPLAINT

1          c.      Whether Plaintiff and the DNC Class member were damaged

2                 thereby, and the extent of damages for such violation; and

3          d.      Whether Defendant and its agents should be enjoined from

4                 engaging in such conduct in the future.

5      21.     As a person that received numerous solicitation calls from Defendant

6 within a 12-month period, who had not granted Defendant prior express consent

7 and did not have an established business relationship with Defendant, Plaintiff is

8 asserting claims that are typical of the DNC Class.

9      22.     Plaintiff will fairly and adequately protect the interests of the members

10 of The Class.  Plaintiff has retained attorneys experienced in the prosecution of

11 class actions.

12      23.     A class action is superior to other available methods of fair and

13 efficient adjudication of this controversy, since individual litigation of the claims

14 of all Class members is impracticable.  Even if every Class member could afford

15 individual litigation, the court system could not.  It would be unduly burdensome

16 to the courts in which individual litigation of numerous issues would proceed.

17 Individualized litigation would also present the potential for varying, inconsistent,

18 or contradictory judgments and would magnify the delay and expense to all parties

19 and to the court system resulting from multiple trials of the same complex factual

20 issues.  By contrast, the conduct of this action as a class action presents fewer

21 management difficulties, conserves the resources of the parties and of the court

22 system, and protects the rights of each Class member.

23      24.     The prosecution of separate actions by individual Class members

24 would create a risk of adjudications with respect to them that would, as a practical

25 matter, be dispositive of the interests of the other Class members not parties to such

26 adjudications or that would substantially impair or impede the ability of such non-

27 party Class members to protect their interests.

28      25.     Defendant has acted or refused to act in respects generally applicable

1 | to The Class, thereby making appropriate final and injunctive relief with regard to
2 | the members of the Class as a whole.

### FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

### On Behalf of the DNC Class

7 | 26.    Plaintiff repeats and incorporates by reference into this cause of action
8 | the allegations set forth above at Paragraphs 125.

9 | 27.    The foregoing acts and omissions of Defendant constitute numerous
10 | and multiple negligent violations of the TCPA, including but not limited to each
11 | and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular
12 | *47 U.S.C. § 227 (c)(5)*.

13 | 28.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*,
14 | Plaintiff and the DNC Class Members are entitled an award of $500.00  in statutory
15 | damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

16 | 29.    Plaintiff and the DNC Class members are also entitled to and seek
17 | injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

### On Behalf of the DNC Class

23 | 30.    Plaintiff repeats and incorporates by reference into this cause of action
24 | the allegations set forth above at Paragraphs 1-25.

25 | 31.    The foregoing acts and omissions of Defendant constitute numerous
26 | and multiple knowing and/or willful violations of the TCPA, including but not
27 | limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*,
28 | in particular *47 U.S.C. § 227 (c)(5)*.

1    32.    As a result of Defendant's knowing and/or willful violations of *47
2  *U.S.C. § 227(c)*, Plaintiff  and the DNC Class members are entitled an award of
3  $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.
4  § 227(c)(5)*.

5    33.    Plaintiff and the DNC Class members are also entitled to and seek
6  injunctive relief prohibiting such conduct in the future.

7                        **PRAYER FOR RELIEF**

8   WHEREFORE, Plaintiff requests judgment against Defendant for the following:

9                        **FIRST CAUSE OF ACTION**

10   **Negligent Violations of the Telephone Consumer Protection Act**

11                        **47 U.S.C. §227(c)**

12   • As a result of Defendant's negligent violations of *47 U.S.C.
13     §227(c)(5),* Plaintiff and the DNC Class members are entitled to and
14     request $500 in statutory damages, for each and every violation,
15     pursuant to *47 U.S.C.  227(c)(5)*.

16   • Any and all other relief that the Court deems just and proper.

17                        **SECOND CAUSE OF ACTION**

18   **Knowing and/or Willful Violations of the Telephone Consumer Protection**

19                                **Act**

20                        **47 U.S.C. §227(c)**

21   • As a result of Defendant's willful and/or knowing violations of *47
22     U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled
23     to and request treble damages, as provided by statute, up to $1,500,
24     for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

25   • Any and all other relief that the Court deems just and proper.

26  ///
27  ///
28  ///

---

CLASS ACTION COMPLAINT

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

34.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Respectfully Submitted this 18th Day of September, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

CLASS ACTION COMPLAINT